[No. 23203. Department Two. December 21, 1931.]

RAYMOND HOWIE, *Respondent*, v. ROBERT MOSHER *et al.,* *Appellants.*[1]

*Howard O. Durk,* for appellants.

*Lewie Williams* and *F. A. Pellegrini,* for respondent.

TOLMAN, C. J.—This is an action to recover a broker's commission alleged to have been earned by the procuring of a purchaser ready, able and willing to buy a restaurant business. A trial was had to the court, sitting without a jury; resulting in findings of fact, conclusions of law and a judgment thereon favorable to the plaintiff.

The defendant, appealing, questions the right to any recovery and also the amount of the recovery accorded.

The main issue argued involves questions of fact only; upon which the trial court, after seeing and hearing the witnesses, made full and complete findings which warrant a judgment in favor of the respondent. We have attentively read the statement of facts, and find ourselves in accord with the findings made; and therefore, under our well established rule, the evidence

[1] Reported in 6 P. (2d) 411.

not preponderating against the findings, they must stand.

The only other question presented is as to the amount of the recovery. The written agreement between the owner and the broker provides: "The undersigned agrees to pay . . . a commission of $350 from the total purchase price, or any amount over and above $1,650, the net price agreed by the undersigned." The contract of sale agreed to was for $1,800, and it is contended that no recovery in excess of $150 should have been allowed.

The wording of the agreement seems plain and unambiguous, and, fairly construed, seems clearly to indicate that the broker was to have $350 for making a sale at any price agreeable to the owner, and if the sale price exceeded $2,000, the broker was to be entitled to such excess in addition to the $350. If optional at all, the option seems to lie with the broker; but probably the word "or" should be read as "and;" and if so, the agreement provided for a minimum compensation of $350 and a possible maximum in excess of that amount for the purpose of encouraging effort on the part of the broker.

The judgment for $350 is not excessive or erroneous. Affirmed.

HOLCOMB, BEALS, MAIN, and MILLARD, JJ., concur.